UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| STEPHANIE HILL ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:03-cv-554 |
| ) | 3:99-cr-039 |
| ) | *Jarvis* |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Stephanie Hill ("Hill"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

1

I.  Standard of Review

This court must vacate and set aside Hill's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Hill "must show a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Hill is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II. Factual Background

Hill pleaded guilty to one count of conspiracy to possess with intent to distribute an unspecified amount of cocaine base (crack), in violation of 21 U.S.C. §§ 846 and 841(a)(1); 18 counts of distributing cocaine base were dismissed pursuant to the plea agreement. Although the indictment did not specify the amount of cocaine base involved in the

conspiracy, Hill stipulated to having been involved in the distribution of between 35 and 50 grams of cocaine base. Because she had a prior felony drug offense, Hill was sentenced to a minimum mandatory term of imprisonment of ten years, pursuant to 21 U.S.C. § 841(b)(1)(B). Her appeal was dismissed for lack of jurisdiction. *United States v. Hill*, 58 Fed.Appx. 102 (6th Cir. January 13, 2003).

In support of her § 2255 motion, Hill alleges several instances of ineffective assistance of counsel. She also alleges that she should receive credit for substantial assistance rendered within one year of her sentencing date. In a supplement to the original § 2255, Hill alleges that she is entitled to relief in light of the decision of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004).

III.  Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

3

*Id*. at 687.

To establish that her attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Hill must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Hill alleges the following instances of ineffective assistance of counsel: (1) counsel failed to file a timely appeal; (2) counsel failed to object to the sentence enhancement based upon the presence of a firearm; and (3) counsel failed to object to the mandatory minimum sentence Hill received as unconstitutional.

Hill's judgment of conviction was filed on October 23, 2000. [Criminal Action No. 3:99-cr-39, Court File No. 89, Judgment]. On November 6, 2000, her attorney filed a motion to withdraw as counsel; the motion was granted the same day. [*Id*., Court File No. 91, Motion]. Also on the same day, Hill filed a *pro se* notice of appeal. [*Id*., Court File No. 92, Notice of Appeal]. Hill raised the following claims on appeal:

4

(1) that the statutory scheme under which she was convicted and sentenced, namely 21 U.S.C. § 841, is unconstitutional by virtue of the Supreme Court's dictates in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (2) that the sentencing court erroneously added a two-point enhancement to her Guidelines offense level for possession of a firearm in connection with her drug crime of conviction.

*United States v. Hill*, 58 Fed.Appx. at 104 (footnote omitted).

The Sixth Circuit determined that the appeal was not timely because it was filed after the final appeal deadline of November 3, 2000. *Id*. Nevertheless, the Sixth Circuit observed that Hill was subject to a statutory sentencing range of ten years to life based upon "[t]he crack quantity admitted by Hill, coupled with her prior felony narcotics conviction which had been properly found by the trial judge as a sentencing factor ...." *Id*. at 103.

The Sixth Circuit first noted that Hill stipulated to the quantity of crack involved in the conspiracy[1] and therefore "that amount of crack cocaine was chargeable against Hill for statutory sentencing purposes." *Id*. (citing *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir. 2001)). The appellate court specifically referred to the *Apprendi* decision: "The essence of the *Apprendi* mandate was that '[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Id*. n.2 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

---

[1]In support of her plea agreement, Hill specifically stipulated that, during the conspiracy, she was "involved in the distribution of at least 35 grams, but less than 50 grams, of crack cocaine to other persons." [Criminal Action No. 3:99-cr-39, Court File No. 61, Stipulation of Facts, p. 1].

The Sixth Circuit thus noted that Hill's sentence was not unconstitutional in light of *Apprendi*, given the fact that the trial court properly considered her prior felony drug conviction and she stipulated to the quantity of cocaine base involved in the offense. Accordingly, Hill was not prejudiced by counsel's failure to file a timely notice of appeal regarding the legality of her sentence under *Apprendi*. Likewise, it was not error for counsel to fail to object to Hill's minimum mandatory sentence as unconstitutional. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

With respect to the claim that counsel should have objected to the firearm enhancement, the enhancement did not affect Hill's sentence since she was subject to the minimum mandatory sentence of ten years. Thus Hill was not prejudiced by counsel's failure to object to the firearm enhancement. Likewise, there was no prejudice as a result of counsel's failure to timely file an appeal as to that issue. Based upon the foregoing, Hill has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

## B. Substantial Assistance

Hill alleges that she should receive credit, pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, based upon her substantial assistance within one year of her sentencing. A court may, on motion of the government made within one year after a sentence

is imposed, reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another. 18 U.S.C. § 3553(e); Fed. R. Crim. P. 35(b); U.S.S.G. § 5K1.1. The government has not moved for a reduction of Hill's sentence.

Whether the government moves for a sentence reduction based on substantial assistance is a matter of discretion, subject only to constitutional limitations, and the district court has no authority to reduce a sentence because of the defendant's assistance absent a motion by the government. *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *Sullivan v. United States*, 11 F.3d 573, 575 (6th Cir. 1993); *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993); *United States v. Levy*, 904 F.2d 1026, 1935 (6th Cir. 1990). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade v. United States*, 504 U.S. at 186. Accordingly, Hill's claim in this regard lacks merit.

## C. *Blakely*

In a supplement to her § 2255 motion, Hill alleges her sentence should be vacated pursuant to the U.S. Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004). At this time, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Smith's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted). In addition, any claim pursuant

to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005)

IV.     Conclusion

Hill is not entitled to relief under § 2255 and her motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Hill leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Hill having failed to make a substantial showing of the denial of a constitutional right, a certificate of

appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ James H. Jarvis
United States District Judge
